## WARREN *v.* GRANGER.

### Opinion delivered January 23, 1922.

1. TRIAL—GENERAL OBJECTIONS TO SPECIFIC PARTS OF INSTRUCTIONS.—Where a party objected to portions of an instruction, without stating the grounds of objection, his objections will be treated as general objections to specific parts of the instruction.

2. TRIAL—SUFFICIENCY OF OBJECTION.—In a suit for the price of an ice-box, where the court instructed that if the box was unfit for the purpose for which it was sold the jury should find for defendant as to that item, a general objection to the instruction was not equivalent to an objection that the question of warranty of quality should be submitted to the jury.

3. SALES—EXPRESS WARRANTY.—An express warranty may be inferred from the affirmation of a fact on which the buyer relies and on which the seller intended that he should rely, and the use of the term "warranty" is not necessary.

Appeal from Columbia Circuit Court; *Charles W. Smith,* Judge; affirmed.

*McKay & Smith,* for appellant.

The court erred in instructing the jury that they should find for the defendant as to the ice-box if it was worthless, or if it was not fit for the purpose for which it was used. Appellee had used the box and knew of its condition. There was no fraud or misreprensation alleged or proved. The doctrine of *caveat emptor* applies. 19 L. Ed. (U. S.) 987; 45 Ark. 254; 70 Ark. 61. The jury were not permitted to consider the terms of the contract under the instruction given.

There is no implied warranty in sales of personal property. 108 Ark. 254; 104 Ark. 573; 11 C. J. 44.

No brief filed for appellee.

SMITH, J. Warren sold Granger a butcher shop outfit, and has sued to recover the alleged purchase price. The parties differ as to the amount and value of certain meats included in the sale; but this difference was properly submitted to the jury.

Among other articles included in the sale was an icebox or a meat-box, and the instruction to the jury on that subject reads as follows: "Among other things was a meat-box, or ice-box, on which defendant claims there was no definite price, and plaintiff states that the price was agreed on definitely, and that is a question that you must decide; and if you find there was a definite price, you will find for the plaintiff, and if you find that the price was not agreed on, then for its reasonable worth or its market value; and if the ice-box was not worth anything, or was not fit for the purpose for which it was used, then you will find for the defendant as to that particular item. And as to any other item that plaintiff claims he sold and delivered to defendant and defendant claims he did not buy, that is a question for you to pass on, and you must find for the plaintiff all such articles that were sold and delivered to defendant, and you will find for the defendant all such articles that were not delivered to him, and for all items that were worthless."

The present appeal involves the correctness of this instruction, as the record recites that Warren specifically excepted to that part of the instruction which instructed the jury that if the ice-box wasn't worth anything, or wasn't fit for the purpose for which it was used, then they should "find for the defendant as to that particular item." And he also excepted to that part of the instruction which told the jury to find for the defendant "all items that were worthless." The only item to which the language of the court refers is the ice-box.

It will be observed that, while the record shows that Warren specifically objected to the portions of the instruction set out above, he did not state the ground of his objections, and his objections must therefore be treated as general objections to specific parts of the instruction.

There was a verdict and judgment for Granger, and Warren has appealed.

It is now objected that the instruction was based upon the theory that there was a warranty of quality in the sale of the ice-box, and that the question whether there was an express warranty was not submitted to the jury. Warren did not ask that this question be submitted to the jury unless his objection to the instruction set out above is treated as asking that that question be submitted to the jury; and we do not think his objection should be so treated.

Only four witnesses testified in the case, and of these only Warren testified in his own behalf. He testified in detail as to the articles sold and the prices agreed upon, and, according to his testimony, there was due him the amount sued for, and the instructions would have directed a verdict in his favor if his version of the transaction had been accepted as correct.

Granger testified that he bought the meat-box for the specific purpose of keeping meat in it—a fact known to Warren, and that he asked Warren if it was all right, and Warren said he had never lost anything in it.

Granger further testified that he asked Warren the specific question if the box would keep meat, and that he was answered by Warren that it would, and that Warren said, "if it didn't keep meat, I wasn't to pay him nothing," and that this statement induced him to buy, and that the box was worth nothing more than a common ice-box, and upon discovering that fact he (Granger) offered to return it.

The other two witnesses who testified in the case were witnesses for Granger, but their testimony had no bearing on the question of the warranty of the quality of the box.

Warren did not deny that he had warranted the box, and the testimony of Granger stood undisputed that there was a warranty. Warren was asked this question: "There is a contention made that the ice-box, or meat-box, was not fit for the purpose for which it was sold, that is, it would not preserve meat. What was the condition of that ice-box?" And he was further asked if it would preserve meat. Warren answered that he did not know there was anything wrong with the box, and that it would preserve meat. The answer filed in the case alleged that the box "was warranted fit for the use to which defendant was to put same, and that said meat-box was not fit for the preserving of meats, and that upon discovery defendant tendered the said meat-box to plaintiff."

It is obvious that the court was under the apprehension that the issue was, whether the meat-box had the quality warranted, and, if so, what was the contract price. Warren did not deny the warranty, and the effect of his testimony was that the meat-box was such a box as Granger said it was warranted to be. The instruction given was evidently intended to submit what the court obviously thought the issue was, and the objection made to the instruction was not, in our opinion, sufficient to call to the attention of the court the fact that no admission had been made that there was a warranty, and

that the proof thereof depended on the testimony of a party litigant and could not therefore be treated as undisputed.

It is true Granger did not testify that Warren had used the term "warrant" in stating the quality of the icebox; but it was not essential that he should have done so to establish a warranty, because such was the purport and necessary effect of what he did say. On this subject the law is stated in 24 R. C. L. sec. 437 of the article on Sales, as follows:

"To constitute an express warranty the term 'warrant' need not be used; no technical set of words are required, and it may be inferred from the affirmation of a fact that which induces the purchase and on which the buyer relies and on which the seller intended that he should do so, but it has been said that the words used must be tantamount to a warranty, and not dubious or equivocal."

In section 442 of the same article it is said:

"While the soundness or policy of the rule permitting warranties to be based on affirmations by the seller as to the quality or condition of the chattel sold has been vigorously protested, it is generally recognized, especially in the more modern cases, that such affirmations may constitute a warranty, if so intended by the parties and relied on by the buyer as such; and it has been held that the same principle applies where the affirmation relied on is contained in a writing, such as a bill of sale, and where it is made orally in a sale so effected, as the language means the same whether written or spoken."

A number of cases—many of which are annotated— are cited in the notes to the text quoted and which support the text quoted.

No error appearing, the judgment is affirmed.